IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Cathy A. Mitchell, | ) | |
| | ) | C/A No. 8:12–548-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| Conseco Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

_____

This matter is before the court on Plaintiff Cathy Mitchell's ("Mitchell's") Motion for Class Certification, pursuant to F.R.Civ.P. 23(a) and (b)(3). (ECF No. 60). Defendant Conseco Life Insurance Company ("Conseco") has filed a response opposing the motion (ECF No. 66) and Mitchell has filed a reply (ECF No. 67).  A hearing was held on the motion on May 23, 2013, and the motion was taken under advisement.  For the reasons below, the motion is held in abeyance pending the production of documents as discussed below.

### I. Facts/Background

In February 1985, Mitchell purchased a cancer treatment benefits policy from Transport Life Insurance Company.  (Am. Compl. ¶ 14).  Subsequently, Conseco acquired Mitchell's policy and similar cancer policies from other companies, and Conseco is now the insurance company responsible for paying the benefits under these policies. (Am. Compl. ¶¶ 6 and 15).  Mitchell's policy included the following provision:

> BLOOD AND PLASMA BENEFIT.  The Insurance Company will pay benefits based on actual charges for blood and blood plasma.  There will be no Lifetime Maximum Benefit, but benefits are not provided for processing charges or for blood which is replaced by donors.

(Am. Compl. ¶ 28).  The terms "actual charges," "blood," and "blood plasma" are not

defined by the policy.

Conseco underwrites two types of cancer policies: "actual charges policies" and "pre-defined policies." Conseco explains that when "an actual charge [policy] is considered - we pay the benefit billed by the provider. A predefined policy indicates that there is a daily or per unit limitation." (Pl.'s Mem. Supp. Mot. to Cert. Class Ex. C - Rule 30(b)(6) Deposition of Conseco at 43).

In late February 2011, Mitchell was diagnosed with Stage III ovarian cancer. (Am. Compl. ¶ 18). Since March 2011, Mitchell has undergone numerous treatments and incurred over $90,000 in charges which she alleges are covered by the policy. (Am. Compl. ¶¶ 20-23).

In her Amended Complaint, Mitchell alleges claims for breach of contract and bad faith refusal to pay against Conseco based upon Conseco's failure to pay benefits due under a cancer benefits policy. Mitchell argues that Conseco breached the insurance contract by failing to adjust the policy based upon the usual and customary meaning of the blood benefits provided. Instead, Conseco utilized provider-produced "revenue codes" found on the insured's medical bills to determine what services would be treated as a compensable service and/or product. Conseco denied Mitchell's insurance claims based upon its policy of finding blood products and services associated with revenue codes 390 through 399 noncompensable.

In the motion before the court, Mitchell seeks certification of the following class:

> All persons insured under "Actual Charges" cancer benefit policies from Conseco Life Insurance Company sold in South Carolina who have made claims for "Blood Benefits" provided by the policies from December 20, 2008 to the present and whose claims for "Blood Benefits" have included medical revenue codes 390-399.
>
> Excluded from the class are the officers, directors and employees of the defendant.

(Pl.'s Mem. Supp. Mot. for Class Cert. at 1).

### Discussion

Pursuant to Rule 23(a), to obtain class certification, the plaintiff must satisfy the following elements: "(1) numerosity of parties; (2) commonality of factual and legal issues; (3) typicality of claims and defenses of class representatives; and (4) adequacy. The final three requirements of Rule 23(a), commonality, typicality, and adequacy of representation, "'tend to merge,' with commonality and typicality 'serv[ing] as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 337 (4th Cir. 1998)(*citing Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157, n.13 (1982)). Additionally, if the Rule 23(a) requirements are met, the court must then determine if the class fits into one of the categories outlined in Rule 23(b).

Among other things, Conseco contends that Mitchell has failed to establish that the class is so numerous that joinder is impracticable. To satisfy the numerosity requirement, Mitchell must show that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Numbers alone are not controlling. *Ballard v. Blue Shield of Southern West Virginia, Inc.*, 543 F.2d 1075, 1080 (4th Cir. 1976)(citing *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 S.E.2d 648, 652-54 (4th Cir. 1967)). Rather, the court must consider the circumstances of each case in evaluating the practicability of joinder. *Id.* In this circuit, class actions have been found to meet the numerosity requirement with as few as 18 members. *See Cypress*, 375 F.2d at 653.

Conseco acknowledges that Mitchell is not required to identify the precise number of persons in the purported class to demonstrate impracticability of joinder. However, Conseco contends Mitchell is required to provide a reasonable estimate of the class size

before her proposed class can be certified. Conseco contends Mitchell has not presented any evidence whatsoever as to the size of the proposed class.

Mitchell contends that, in a discovery response, Conseco Life stated that "the number of insureds in the State of South Carolina who have made claims on any Conseco Life cancer policies encompassing a benefit for 'blood' and/or 'blood plasma' since June 13, 2009 is 304." (Pl.'s Mem. Supp. Mot. to Cert. Class Ex. D).

In its memorandum, Conseco argues that there are substantial differences between the proposed class and the class of persons described by Conseco. (Def.'s Mem. Opp. Mot. to Certify Class at 14). These differences include: (1) policies issued in South Carolina (regardless of whether the insureds currently live in South Carolina or elsewhere), not insureds who currently reside in South Carolina; (2) claims for blood benefits which included revenue codes 390-399, not any claims under cancer policies; (3) claims that were submitted from December 20, 2008 to present, not June 13, 2009 to present; and (4) policies that pay "actual charges" for blood and plasma, as opposed to all policies that provide for blood and plasma benefits regardless of whether the policies are "actual charge policies" or "pre-defined policies." *Id*.

With the court's permission, Conseco also filed a sur-reply opposing the motion to certify class. (ECF Nos. 72 and 76). With its sur-reply, Conseco filed an affidavit from Judith Richey, a manager of health claims. (Def.'s Sur-Reply Opp. Mot. to Certify Class Ex. A). In her affidavit, Richey attests that 64 claims from 34 insureds fall within the proposed class. *Id*. ¶ 8. She further attests that 22 of the 64 claims were denied, at least in part, based upon the revenue codes and these 22 claims involve only 9 insureds. *Id*. ¶ 9. On May 17, 2013, Conseco filed a motion to substitute a revised affidavit of Richey. In her revised affidavit, Richey attests there are 63 claims from 34 insureds that fall within the proposed class and there are 22 claims involving 11 insureds which were denied, at least

4

in part, based upon the revenue codes.[1]  Mitchell opposed the motion to substitute the affidavit, but specifically stated she did not oppose the revised affidavit being filed as a supplemental exhibit.   In her opposition, Mitchell argued that Richey lacked personal knowledge as to the number of insureds who fall within the class and she relied upon information relayed to her by an adjuster. (Pl.'s Mem. Opp. Mot. to Substitute at 8).

At the hearing, Conseco argued that the interrogatory response cited to by Mitchell does not establish a potential class of 304 members.  First, Conseco contends that the question propounded was how many insureds with cancer policies which include a blood benefits provision have submitted any claims.[2]  Conseco contends the question was not limited to how many of these insureds have filed blood benefits claims.

At the hearing, Mitchell requested that she be allowed, at her expense, to review the claims files of the 304 insureds initially identified by Conseco in order to determine which of these insureds may qualify as putative class members.  Conseco objected citing privacy concerns and referring to the request as a fishing expedition.  In response, counsel for Mitchell narrowed the request to only the first one hundred of the 304 claim files.

After considering the arguments, the court agrees Mitchell should not be allowed to go on a general fishing expedition of Conseco's files.  However, she is entitled to documents which relate directly to her claims against Conseco.  The court cannot conclude that Mitchell's request is so patently overreaching or unnecessary so as to constitute a fishing expedition. These documents are sought in an effort to determine the

---

[1]The court notes that the revised affidavit was provided to opposing counsel prior to Richey's deposition.  (Def.'s Mot. to Substitute Affidavit ¶ 4).

[2]The interrogatory asked Conseco to "[s]tate the number of insureds in the State of South Carolina who made claims on Policy Form 10536-SC, or any other policy or policies identified in response to Interrogatory 2, above, from December 20, 2008 to present." (Pl.'s Mem. Supp. Mot. to Certify Ex. D at 4).

potential number of the proposed class. This is an essential question which may determine whether this action is certified as a class action.

As to Conseco's argument regarding the privacy of its insureds, the court finds this is not a reason to deny Mitchell's request. Although Conseco did not specifically cite to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), HIPAA allows for this disclosure. Under HIPAA, 45 C.F.R. § 164.512(e) provides that, pursuant to a court order, a "covered entity may disclose protected health information in the course of any judicial or administrative proceeding . . ." *Id*. The court, however, imposes certain requirements, set forth below, to safeguard the privacy of the insureds.

### Conclusion

Pursuant to 45 C.F.R.§ 164.512(e), the Defendant Conseco is to produce copies of the claims records of the first one hundred of the 304 insureds who were referred to in its prior discovery response within 30 days of the date this order is filed. The claims records are to be designated as confidential and subject to the Confidentiality Order previously entered in this case. (ECF No. 21). Additionally, the names and addresses of the insureds must be redacted. Plaintiff Mitchell will have 30 days to inspect the documents and notify the court of the status of her class certification motion.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 3, 2013