IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Cathy A. Mitchell, | ) | |
| | ) | C/A No. 8:12–548-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| Conseco Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before the court on Plaintiff Cathy Mitchell's ("Mitchell's") Motion for Reconsideration, pursuant to Fed.R.Civ.P. 59(e). (ECF No. 101). Defendant Conseco Life Insurance Company ("Conseco") has filed a response opposing the motion (ECF No. 102), and Mitchell has filed a reply (ECF No. 103). For the reasons below, the motion is denied.

    Motions to alter or amend final judgments under Fed.R.Civ.P. 59(e) may be granted if necessary "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). The power to grant or deny a motion under Rule 59(e) is discretionary, and "[i]n general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (citation and internal quotation marks omitted). A motion to reconsider is not a vehicle for rearguing the law or petitioning a court to change its mind. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (explaining that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment") (citation and internal quotation marks omitted).

Mitchell contends that in the order denying class certification (ECF No. 98), the court "misapprehended factors relevant to the proposed class definition and the number of putative class members extrapolated from Plaintiff's sampling of claims files." Specifically, Mitchell argues that the court misconstrued the applicable law by holding that "without some evidence that the claims were denied based upon revenue codes 390 through 399, these claimants would not be proper class members." (ECF No. 101 at 1-2). In response, Conseco argues Mitchell's arguments are nonsensical because without a requirement that the denial was based upon the revenue codes, there is no common question of law or fact. (ECF No. 102 at 1-2).

Mitchell has cited no intervening changes in the law applicable to this case or new evidence that was previously unavailable. Further, the court has reviewed its prior order and determined that it contains no clear errors of law. Accordingly, Plaintiff Mitchell's Motion for Reconsideration (ECF No. 101) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 21, 2013

2